UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| NATHAN ROBERT HIPPS, | |
| Plaintiff, | |
| v. | CAUSE NO. 4:25-CV-30-PPS-JEM |
| LUCAS MILLER, | |
| Defendant. | |

OPINION AND ORDER

Nathan Robert Hipps, a prisoner without a lawyer, filed a complaint alleging excessive force was used after he had been arrested. [ECF 2.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hipps alleges he was tasered after he was arrested by Lucas Miller of the Warren County Sheriffs Department. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical

application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. at 396. Given the allegation that Hipps was already under arrest at the time he was tasered, it is plausible to infer that it was objectively unreasonable to taser him.

  The complaint also names Swain and Lafar as defendants, but it does not say what they did or why they are being sued. It merely says Hipps does not know their first names or what department they worked for. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). This complaint does not state a claim against Swain or Lafar.

Hipps paid the filing fee [ECF 7] and is not proceeding in forma pauperis. Therefore, the Court will not serve Lucas Miller under 28 U.S.C. § 1915(d). Rather, it is Hipps' obligation to serve him with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Nathan Robert Hipps leave to proceed against Lucas Miller in his individual capacity for compensatory and punitive damages for tasering him after he had been arrested in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Swain and Lafar;

(4) DIRECTS the clerk to sign and seal summons for Lucas Miller and send them to Nathan Robert Hipps; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lucas Miller to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 30, 2025.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT